UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID ARNOLD, | : | Case No. 1:22-cv-446 |
| | : | |
| Petitioner, | : | |
| | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| WARDEN, LEBANON | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner proceeding without the assistance of counsel,[1] has filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition and the return of writ, to which petitioner has not replied. (Doc. 1, 11).

For the reasons stated below, the undersigned recommends that the Petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

**I. FACTUAL BACKGROUND**

The Ohio Court of Appeals set forth the following set of facts leading to Petitioner's convictions and sentence:[2]

---

[1] The petition was initially submitted by attorney Mark L.L. Welker on August 1, 2022. (Doc. 1). On August 2, 2022, the Clerk of Court issued a Notice to Counsel, noting that Welker is not admitted to practice in the Southern District of Ohio and providing notice of the local rules regarding *pro hac vice* admittance. (*See* Doc. 2). On September 13, 2022, the Notice was returned to the Court, marked "Return to Sender, Undeliverable as Addressed, Unable to Forward." (Doc. 4). On January 25, 2023, after respondent filed a return of writ in opposition to the petition, petitioner was granted a thirty-day extension of time to provide petitioner with an opportunity to file a reply. (*See* Doc. 12). The Order was mailed to both Mark L.L. Welker and petitioner. To date, after expiration of the extension of time granted, no reply has been filed.

[2] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a

> The record reveals that Arnold, along with two other individuals, Channel Sisco and Michael Goss, travelled in Sisco's blue Dodge Durango down Ferguson Road in Hamilton County. As they approached a bus stop, Arnold, who was occupying the front passenger side of the Durango, began firing a handgun that he had brought with him. The gunshots resulted in the death of Anthony Gill, who had been waiting at the bus stop.
>
> Sisco and Goss both testified against Arnold. Both stated that the killing had been in retaliation for someone frightening Sisco earlier that day on Ferguson Road. Charles Murrell, a childhood acquaintance of Arnold who happened to be in jail with Arnold while being detained for another crime, testified that Arnold had confessed to the killing while in jail. Another witness, Arnold's cousin Quentin Arnold, testified that Arnold had bragged about the shooting stating "[Arnold] told everybody he got a chance to use his gun." Ruby Smith, the mother of a friend of Arnold, testified that Arnold had told her that he "took care of" the person who had shot her son one month earlier. Finally, gunshot residue was found inside Sisco's Durango in the front passenger side.

(Doc. 10, Ex. 21 at PageID 124-25).

## II. PROCEDURAL HISTORY

### State Trial Proceedings

On July 25, 2008, the Hamilton County, Ohio, grand jury returned a three-count indictment charging Petitioner with one count each of aggravated murder, murder, and having weapons while under disability. (Doc. 10, Ex. 1). Petitioner entered a plea of not guilty to the charges in the indictment.

On April 22, 2009, following a jury trial, petitioner was found guilty on all counts of the indictment. (Doc. 10, Ex. 6). Petitioner, through counsel, filed a motion for acquittal after verdict, a motion to modify verdict, and a motion for new trial. (Doc. 10, Ex. 7, 8, 9). By

---

person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

2

orders issued on May 5, 2009, the trial court denied petitioner's motions. (Doc. 10, Ex. 10, 11, 12). Petitioner was sentenced to serve a total aggregate prison sentence of life without parole plus ten years in the Ohio Department of Corrections. (Doc. 10, Ex. 13).

### Direct Appeal

Petitioner, through new counsel, filed a notice of appeal and a motion to file a delayed appeal to the Ohio Court of Appeals. (Doc. 10, Ex. 14, 15). On August 19, 2009, the Ohio appeals court granted the motion for leave to file a delayed appeal. (Doc. 10, Ex. 16). Petitioner raised two assignments of error in his appellate brief, challenging his conviction as being based upon insufficient evidence and against the manifest weight of the evidence. (Doc. 10, Ex. 18 at PageID 97). On November 19, 2010, the Ohio Court of Appeals overruled Petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 10, Ex. 21).

Petitioner did not appeal the decision to the Ohio Supreme Court.

### Post-Conviction Petitions

Meanwhile, on December 7, 2009, while his direct appeal was pending, Petitioner filed a *pro se* petition to vacate and/or set aside his conviction and sentence. (Doc. 10, Ex. 22).

Petitioner also filed a petition for a writ of habeas corpus in the Ohio Supreme Court on March 3, 2014. (Doc. 10, Ex. 23).

On June 25, 2014, the Ohio Supreme Court dismissed Petitioner's habeas corpus petition. (Doc. 10, Ex. 24). It does not appear that the trial court ruled on Petitioner's petition to vacate and/or set aside his conviction and sentence. (*See* Doc. 10, Ex. 25).

### Federal Habeas Corpus

On August 2, 2022, Petitioner commenced the instant federal habeas corpus action.

Petitioner raises the following four grounds for relief in the petition:

> **GROUND ONE**: The State of Ohio failed to prove that David Arnold murdered another human being. The State of Ohio failed to produce any evidence that David Arnold, murdered Anthony Gill.
>
> **GROUND TWO**: By failing to grant Petitioner's motion for continuous and repeated charge the court deprived Petitioner of a fair trial and wrongly convicted Petitioner on bogus evidence and false and perjured testimony of witnesses which were drilled and coached by the police and prosecutors. Petitioner was prejudiced by the tainted testimony and illegal use of evidence.
>
> **GROUND THREE:** Did the Court deny Petitioner a fair trial by not removing Juror #7?
>
> **GROUND FOUR:** The State of Ohio violated the Petitioner's right by presenting empty casings and no gun.

(Doc. 1 at PageID 5-10).

Respondent has filed a return of writ in opposition to the petition (Doc. 11), to which petitioner has not replied. *See supra* n.1. According to Respondent, Petitioner's grounds for relief are time-barred and procedurally defaulted.

## III. ANALYSIS

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The record contains no evidence suggesting that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to Petitioner's grounds for relief. Petitioner has not alleged that a State-created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Further, Petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial court proceedings. Because Petitioner was aware of the facts underlying his claims (or the claims could have been discovered through the exercise of due diligence by the close of the direct review), his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when Petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, under § 2244(d)(1)(A), Petitioner's conviction became final on January 3, 2011, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' November 19, 2010 direct appeal decision. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court

5

expired"). The statute commenced running on January 4, 2011, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on January 4, 2012, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, Petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

Here, Petitioner's December 7, 2009 post-conviction petition was pending at the time his conviction and sentence became final. Although the trial court never ruled on the petition, it

6

does not serve to indefinitely toll the statute of limitations in this case. It is well-established in Ohio that "[w]hen a trial court fails to rule upon a motion, it will be presumed that it was overruled." *State v. Olah,* 767 N.E.2d 755, 760 n.2 (Ohio Ct. App. 2001) (and cases cited therein); *Georgeoff v. O'Brien*, 663 N.E.2d 1348, 1352 (Ohio Ct. App. 1995) (and Ohio Cases cited therein). Even assuming in petitioner's favor, without deciding, that the Petition served to toll the statute of limitations until June 25, 2014, when the Ohio Supreme Court dismissed Petitioner's subsequent state-court habeas corpus petition, the Petition is still untimely. In that instance, the limitations period ran 365 days and expired on June 25, 2015. Because Petitioner did not file his federal habeas corpus petition until August 1, 2022 (more than seven years later), the Petition is time-barred unless equitable tolling principles apply in this case.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland*

7

now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, Petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether the petitioner was diligent in pursuing federal habeas relief. In this case, Petitioner waited 4,228 days to file his habeas petition after his conviction and sentence became final. Accordingly, Petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, Petitioner has not argued, much less demonstrated, that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Finally, Petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327

(1995)).  No such showing has been made in this case.[3]

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The Petition be **DENIED** with prejudice on the ground that the Petition is time-barred under 28 U.S.C. § 2244(d)**.**

2.  A certificate of appealability should not issue with respect to any of the claims for relief alleged in the Petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3.  With respect to any application by Petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[3] The undersigned notes that Petitioner included an affidavit in support of his December 7, 2009 post-conviction petition.  (*See* Doc. 10 Ex. 22 at PageID 129).  Petitioner argued that the affidavit, purportedly signed by "a former prisoner known as 'Natti-K,'" demonstrated his innocence.  (*Id.* at PageID 127).  The affidavit states that the unidentified Natti-K—riding with Channel Sisco and Mike Goss—was the individual responsible for shooting the victim.  However, Petitioner has not re-asserted this claim at any other point in the state-court proceedings or in connection with his federal habeas corpus petition.  To the contrary, in the petition before this Court, Petitioner asserts in a conclusory fashion that the victim "was murdered by one Michael Goss." (Doc. 1 at PageID 26).  In any event, upon reviewing the trial testimony and evidence offered in support of Petitioner's convictions and sentence, this Court finds that Petitioner has failed to demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *See McQuiggin*, 569 U.S. at 399 (quoting *Schlup,* 513 U.S. at 327).

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

9

Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE